IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAD S. TABAKIN, ESQUIRE<br>d/b/a BRAD S. TABAKIN, ESQ., PC<br>1000 Germantown Pk., B-3<br>Plymouth Meeting, PA 19462 | : | |
| Plaintiff, | : | |
| v. | : | NO. |
| VERIZON WIRELESS d/b/a<br>VERIZON BUSINESS GROUP<br>c/o TIFFANY GREAVES-MCKENZIE<br>1770 Central Ave.<br>Albany, NY 12205 | : | **COMPLAINT AND JURY DEMAND** |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT
## THE PARTIES

1. Plaintiff, Brad S. Tabakin, Esquire, PC, is a professional corporation registered and domiciled in the Commonwealth of Pennsylvania with its principal place of business located at 1000 Germantown Pk., B-3, Plymouth Meeting, Pennsylvania 19462.

2. Defendant, Verizon Wireless d/b/a Verizon Business Group (hereinafter referred to as "VZW") is a corporation or other business entity authorized and licensed to sell and provide cellular phones and phone service in the Commonwealth of Pennsylvania with its domicile, residency and principal place of business located in the State of New York, and at all time material hereto, acted by and through its authorized agents, representatives and employees, Matthew W. Minns, Clyde J. Fairman, III and Tiffany Greaves-McKenzie.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States" and pursuant to 28 U.S.C. 1331 in that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.".

4. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that: - it is where a substantial part of the events or omissions given rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 4, inclusive, of this Complaint as though the same were set forth herein more fully at length.

6. At all times material to this Civil Action, Plaintiffs had a valid contract with the Defendant for the provision of cellular phone and data services under account number 442053315-00001. Plaintiff believes and avers that said contract had been in place in excess of 10 years.

7. In or about July, 2021, Plaintiff contacted Defendant to inquire about obtaining new cellular phone devices (4) for Plaintiff's use. Through a series of telephone calls and emails, Plaintiff communicated his desire to obtain new phones to Defendant's account executive assigned to Plaintiff's account, Clyde Fairman. Through a series of emails, attached hereto as Exhibits "A", Mr. Fairman, in clear and concise terms, represented to Plaintiff the current "offers" available to Plaintiff by VZW as well as exact, to-the-penny, pricing for same on a monthly basis.

8. As a result of the representations made by Mr. Fairman, the account executive, Plaintiff decided to accept the proposed terms and obtained four new cellular phones from VZW. In addition, VZW offered Plaintiff a significant account credit if Plaintiff returned his "old" cellular phones to VZW and they were in useable condition. Plaintiff, in fact, did return his used cellular phones to VZW in useable condition and in the manner and time-frame required.

9. Further, on or about July 22, 2021, Clyde Fairman wrote an email to Plaintiff indicating that the previously represented pricing and plan had changed by VZW, but, in fact, the pricing and plan he was able to obtain on Plaintiff's behalf was actually less expensive than what he originally represented. As evidenced in the attached exhibits, Plaintiff's "new" monthly charges with VZW, inclusive of taxes and fees, was $394.82, less than Plaintiff's previous monthly cost.

10. Plaintiff received and accepted the four new cellular phones on or before August 10, 2021.

11. In or about September, 2021, Plaintiff began receiving bills from VZW in exorbitant sums exceeding $1,000.00 for monthly charges, approximately 2.5-times Plaintiff's previous bill. Believing that there was just a billing error due to the "trade-in" credits due to Plaintiff for return of his old cellular phones, Plaintiff believed that the situation would be rectified by VZW.

12. Sometime in late September or early October, 2021, Plaintiff awoke in the morning to find that VZW had terminated all cellular service (in the middle of the night) on Plaintiff's account due to non-payment; VZW, via a recorded message, demanded immediate credit card payment of over $500.00 in order to restore cellular service to Plaintiff's account (plus surcharges for same). Never had Plaintiff's account been terminated in the past for non-

payment. Plaintiff thereafter contacted VZW expressing his outrage and demanding that his account be corrected without further delay.

13. Again in October, November and December, 2021, Plaintiff continued to receive outrageous monthly bills from VZW, some exceeding $1,300.00, for charges on his account. Plaintiff, as of the drafting of this complaint, and despite many payments being made to VZW, has received a bill demanding $1,520.75 for VZW charges.

14. In approximately November, 2021, Plaintiff began communication with Tiffany McKenzie, who purports to be a senior paralegal in the VZW legal department. Ms. McKenzie assured Plaintiff that this matter would be rectified and that no more adverse action or interruption of cellular service would occur during the pendency of her "investigation" as to why Plaintiff was receiving such outrageous bills.

15. Within 36 hours of the aforementioned conversation and assurances by Ms. McKenzie, Plaintiff's cellular service was once again terminated (in the middle of the night) on Plaintiff's account due to non-payment. VZW, via a recorded message, demanded immediate credit card payment of over $600.00 in order to restore cellular service to Plaintiff's account, which Plaintiff paid (plus surcharges for same for payment via credit card).

16. As is commonplace in this day and age, especially due to pandemic conditions, Plaintiff is dependent upon the cellular service he has contracted for with VZW. Moreover, two (2) of the cellular phones on Plaintiff's account belong to Plaintiff's daughter who is a college student in Florida and is dependent upon same for nearly 100% of her communication as well as Plaintiff's 92 year-old father who lives alone and is dependent upon his cellular phone for communication. These facts have been relayed to VZW on numerous occasions, to no avail.

17. More than five (5) months have passed without VZW taking any action or measures to correct the situation, remove the bogus charges from Plaintiff's account, assure Plaintiff there will be no further interruption in services or any other appreciable measures to correct the breaches which VZW is solely responsible for.

## COUNT I
## PLAINTIFF V. DEFENDANT
## BREACH OF CONTRACT

18. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17, inclusive, of this Complaint as though the same were set forth herein more fully at length.

19. There is no dispute that, at all times material hereto, Defendant was contracted with Plaintiff to provide cellular phone service and equipment to Plaintiff under contract account # 9894748926.

20. There is no dispute that, at all times material hereto, Defendant was contracted with Plaintiff to provide cellular phone service and equipment to Plaintiff under contract account # 9894748926 for the sum of $394.82 per month as provided by Defendant's account executive on or about July 22, 2021. (Exhibit "A", attached)

21. Defendant has ignored or has acted with reckless indifference to the proofs submitted by Plaintiff which clearly establish Plaintiff's entitlement to cellular service and equipment under said contract.

22. Defendant and its representative, Tiffany Greaves-McKenzie, has done absolutely nothing to investigate, address or correct the issues complained of by Plaintiff.

23. Despite having no reasonable or factual basis to interrupt Plaintiff's service with Defendant, and without any justification, Defendant has breached its service contract with Plaintiff and continues to breach same every day since July 22, 2021.

24. Plaintiff has complied with all of the terms and conditions of the contract with the Defendant and is entitled to reasonable, uninterrupted service therefrom at the agreed upon contract price.

25. The contract with Defendant, herein, has breached that contract in the following ways:

    (a)    failing to reasonably investigate Plaintiff's claims;

    (b)    failing to objectively and fairly evaluate Plaintiff's claims;

    (c)    failing to promptly correct and/or resolve Plaintiff's claims;

    (d)    failing to attempt in good faith to effectuate the prompt resolution of its failings to Plaintiff;

    (e)    failing to make any payment to the Plaintiff for the loss of service, breach of contract or over-billing of undue sums to Plaintiff;

    (f)    disregarding and willfully ignoring the settled law of the Commonwealth of Pennsylvania, as well as the contract that exists between the parties.

**WHEREFORE,** Plaintiff, Tabatha Smith, demands judgment in her favor and against Defendant, VZW, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs of suit and attorney's fees.

<u>**COUNT II**</u>
<u>**PLAINTIFF v. DEFENDANT**</u>
<u>**VIOLATION OF STATE & FEDERAL STATUTE**</u>

26. Plaintiff, incorporates by reference the allegations contained in paragraphs 1 through 25, inclusive, of this Complaint as though the same were set forth herein more fully at length.

27. The actions or inactions of Defendant, VZW, in the handling of Plaintiff's account for service include, but are not limited to, violation of state and federal law as follows:

   (a) Violation of the PA. U.T.P.C.P.L., 73 Pa. CSA §201-1, et seq.;

   (b) Violation of the Federal Communications Act of 1934;

   (c) Violation of 47 CFR Ch.1, Part 10, et seq regarding wireless communication;

   (d) Negligent misrepresentation to Plaintiff concerning the details, parameters and cost of said contract;

   (e) Engaging in dilatory and deceptive account handling, sales and representations;

   (f) Failing to adopt and/or implement reasonable standards in evaluating Plaintiff's claim;

   (g) Acting unreasonably and unfairly in response to Plaintiff's claim;

   (h) Not attempting in good faith to effectuate a fair, prompt and equitable resolution of Plaintiff's claim in which Defendant's liability under the policy had become reasonably clear;

   (i) Subordinating the interest of its insured to its own financial monetary interest;

   (j) Failing promptly to offer payment to Plaintiff for sums it forced Plaintiff to pay but knew were not due;

   (j) Violating the contractual and legal/lawful duty owed to Plaintiff;

   (k) Otherwise unreasonably and unfairly withholding services justly due and owing to Plaintiff;

(l) Compelling Plaintiff to file suit and engage in litigation when a less costly and less time-consuming method of resolving a dispute between Plaintiff and Defendant exists;

(m) Compelling Plaintiff to litigate this claim to recover amounts due under the contract and under state and federal law;

(n) Failing to make an honest, intelligent and objective settlement offer;

(o) Causing Plaintiff to expend money on the presentation of this claim;

(p) Causing Plaintiff to bear the stress and anxiety associated with the unknown, imminent loss of services to Plaintiff and his family that Plaintiff purchased and relies upon, through unnecessary litigation; and,

(q) Ignoring or denying responsibility for contractual default with no reasonable excuse or basis therefore.

28. Defendant owes a contractual and statutory obligation to investigate, evaluate and resolve Plaintiff's claims fairly and timely and to arrive at a prompt, fair and equitable settlement.

29. Defendant has engaged in wanton and reckless conduct with regard to its contractual obligations, the welfare, interest and rights of Plaintiff, and is liable for its unreasonable and baseless conduct.

## COUNT III
## PLAINTIFF v. DEFENDANT
## FRAUD

30. Plaintiff, incorporates by reference the allegations contained in paragraphs 1 through 29, inclusive, of this Complaint as though the same were set forth herein more fully at length.

31. At all times material hereto, Defendant, VZW, by and through its employees including as the above-named individuals, intended to deceive and defraud Plaintiff out of the contracted for services, products and equipment purchased by Plaintiff by fraudulently inducing Plaintiff to act, to the benefit and profit of Defendants, with Defendants knowing they had no intention of providing said services, products and equipment at the charges Defendant expressly enumerated to Plaintiff and which induced Plaintiff to enter into the subject contract and agreement with Defendant.

32. In addition to the aforesaid, Defendants' actions, by and through its employees as stated above, consisted of the following:

   a) Making material representations to Plaintiff regarding Defendant's charges for services, products and equipment, in writing, which Defendant had no intention of abiding by and misleading Plaintiff to act upon reliance of same;

   b) Defendants knew or had reason to know that they had no intention of providing the contracted-for products and services at the agreed upon cost to Plaintiff despite providing Plaintiff written assurance thereof upon which Plaintiff relied;

   c) Defendants knew or had reason to know that such material misrepresentations were relied upon by plaintiff and induced Plaintiff to act;

   d) Duping Plaintiff into believing Plaintiff had entered into an arms-length transaction with Defendant for goods and services, providing Plaintiff with

written confirmation and assurances thereof and thereafter knowingly and purposefully taking all such goods and services from Plaintiff despite Plaintiff paying the contracted-for cost of same;

e) Taking the above goods and services from Plaintiff, despite Plaintiff meeting all contracted-for obligations for same, and thereafter charging Plaintiff additional costs and penalties to restore the goods and services which Plaintiff had already paid for, in full.

33. Defendants actively and intentionally concealed their scheme to defraud Plaintiff and did not disclose their scheme to Plaintiff so as to induce Plaintiff to act and upon which Plaintiff reasonably relied.

34. As a direct result of Defendants' fraud and Plaintiff's reliance, Plaintiff has suffered damages which this Court is asked to assess.

35. For all of the reasons set forth above, Defendant has violated state and federal law(s) for which Defendant is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief as the Court deems appropriate.

**WHEREFORE,** Plaintiff, Brad S. Tabakin, Esquire, demands judgment in his favor and against Defendant, VZW in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees, and any other damages allowed by law.

## JURY DEMAND

Plaintiffs herein demand a jury trial.

                TABAKIN WOLFE, LLP

BY: _____
                BRAD S. TABAKIN, ESQUIRE
                brad@twlegal.net

BY: _____
                RICHARD A. WOLFE, ESQUIRE
                rich@twlegal.net

                Plymouth Greene Office Campus
                1000 Germantown Pike, B-3
                Plymouth Meeting, PA  19462
                P:  215-525-1616
                F:  215-525-5858
                *Attorneys for Plaintiffs*